IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Milton Moore, ) | C/A No. 0:10-1353-HFF-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Richard Milton Moore ("Moore"), brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying his claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

## ADMINISTRATIVE PROCEEDINGS

In February 2006, Moore applied for SSI and DIB. Moore's applications were denied initially and on reconsideration and he requested a hearing before an administrative law judge ("ALJ"). A hearing was held on September 22, 2008 at which Moore appeared and testified and was represented by Richard E. Thompson, Jr., Esquire. After hearing testimony from Moore's sister as well as a vocational expert, the ALJ issued a decision dated January 27, 2009 finding that Moore was not disabled. (Tr. 10-27.)

Moore was born in 1967 and was thirty-eight years old at the time of his disability onset date. (Tr. 90.) He has a high school education and past relevant work experience in manufacturing as a

machine operator and technician. (Tr. 121, 126.) Moore alleges disability since October 28, 2005 due to diabetes, depression, bipolar disorder, heart problems, and an injury to his left eye that limited his vision. (Tr. 120.)

The ALJ made the following findings and conclusions:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2010.

2. The claimant has not engaged in any substantial gainful activity since October 28, 2005, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

   * * *

3. The claimant has the following severe impairments: blindness of the left eye, bipolar disorder, depression, borderline personality disorder and avoidant personality disorder (20 CFR 404.1521 *et seq.* and 416.921 *et seq.*)

   * * *

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926).

   * * *

5. After careful consideration of the entire record, I find that the claimant has the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: the need to avoid all exposure to unprotected heights; the need to avoid all hazards due to not being able to see out of the left eye and a limitation to activities requiring only frequent depth perception; and a limitation to simple, routine, repetitive tasks with few workplace changes and with little interaction with the public.

   * * *

6. The claimant is capable of performing past relevant work as a cloth doffer, machine operator, relief operator and support operator. This work does not require the performance of work-related activities precluded by the claimant's RFC (20 CFR 404.1565 and 416.965).

   * * *

7. The claimant has not been under a disability, as defined in the Social Security Act, from October 28, 2005 through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 12-26.)

On April 23, 2010, the Appeals Council denied Moore's request for review, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-4.) This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973).  The regulations require the ALJ to consider, in sequence:

(1)   whether the claimant is engaged in substantial gainful activity;

(2)   whether the claimant has a "severe" impairment;

(3)   whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4)   whether the claimant can perform his past relevant work; and

(5)   whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step.  Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments.  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v.

Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Moore's brief does not identify any specific issues for consideration in this judicial review, and the arguments contained in his brief are vague, merely pointing to selective pieces of evidence in the record. However, it appears that Moore is alleging that the ALJ erred (1) in his evaluation of the opinions from two examining physicians; (2) in considering whether Moore gave vague and conflicting statements about his history of substance abuse as a factor in examining Moore's

credibility; and (3) in failing to find that Moore met the requirements of Listing 12.04 based on the observations by one of the consultative examiners, Dr. Dennis Chipman. Moore also appears to argue that although Moore's treating physician did not state that Moore was unable to work, some of the notes from the treating physician indicate that Moore cannot work. (Pl.'s Br., ECF No. 10.)

## DISCUSSION

**A.     Consultative Examiners**

Moore first appears to argue that the ALJ erred in considering the opinions of two examining physicians, Dr. Spurgeon Cole and Dr. Dennis Chipman.[1] Regardless of the source, the Commissioner will evaluate every medical opinion received. 20 C.F.R. §§ 404.1527(d); 416.927(d). In evaluating medical opinions, generally more weight is given to the opinions of an examining source than a non-examining one. Id. Additionally, more weight is generally given to opinions of treating sources than non-treating sources, such as consultative examiners. Id. Further, an ALJ generally considers the length and nature of the source's treatment relationship with the claimant, the support the source provides for the opinion, the opinion's consistency with the other evidence in the record, the whether the source is a specialist, and "any other factors . . . which tend to support or contradict the opinion." Id.

The ALJ's opinion in this matter discusses at length all of the medical evidence presented in this case. (Tr. 13-20.) With regard to Dr. Cole, the ALJ observed that Dr. Cole performed a psychological consultative examination in April 2006 and provided a detailed discussion of Dr. Cole's report, including his findings and conclusions. (Tr. 14-15.) For example, the ALJ observed that "Dr. Cole concluded that [Moore] could interact with the public on a limited basis. He would

---

[1] As an initial matter, neither of these doctors appear to be treating physicians; rather, their opinions are from one-time examinations of Moore.

need employment where he did not have to work with the public on a continuous basis." (Tr. 15.) Further, the ALJ stated that

> Dr. Cole said [the] claimant probably had borderline to low average cognitive ability and that he was capable of learning simple and fairly complex instructions. He had worked effectively in the past. He did not seem to be highly motivated for employment. He complained about his memory and Dr. Cole gave him the Rey Test of Malingering. He got only 6 out of 15 items right, suggesting that he might be promoting symptoms to at least a mild degree. Dr. Cole thought he was capable of handling funds in his own best interest. Dr. Cole diagnosed depression, NOS; and generalized anxiety, mild.

(Id. at 15.) The ALJ found that his assessment of Moore's residual functional capacity ("RFC") was supported by Dr. Cole's findings. (Tr. 26.)

Moore conclusorily argues that Dr. Cole's report "clearly supports a finding of disability in this case" and points to selective portions of Dr. Cole's opinion, primarily Moore's self-reported limitations to Dr. Cole. The court observes that the ALJ reviewed Dr. Cole's opinion at length. The court finds that Moore has failed to demonstrate that the ALJ improperly evaluated or interpreted Dr. Cole's opinion. Moore has failed to show that the ALJ's conclusion that Dr. Cole's findings were consistent with Moore's RFC is not supported by substantial evidence or controlled by an error of law.

The ALJ similarly reviewed Dr. Chipman's opinion, observing that Dr. Chipman saw Moore for a psychiatric examination in December 2007. The ALJ summarized Dr. Chipman's examination, including his findings and conclusions. (Tr. 17-19.) Dr. Chipman found the following:

> The patient comes from a severely disturbed background complete with significant emotional abuse primarily in the form of verbal abuse. He has suffered from chronic low self-esteem. He also developed a drug habit early in his life but has managed to have substantial remission from this problem area for several years. As far as I could tell, there was no significant problem with alcohol that was revealed. Probably ushered in by his financial obligations and the stress of his second divorce, patient developed additional depression symptoms and was hospitalized at Anderson Area Medical Center for a suicide attempt by overdose. His self-esteem is still low, he still suffers from occasional suicidal ideations and furthermore does hear voices

> periodically telling him to kill himself. Undoubtedly, his condition would exacerbate if he were required to work on a steady basis. He would have difficulty maintaining any sort of pace and furthermore would be absent a great deal.

(Tr. 393.) Dr. Chipman stated that Moore's condition is chronic and could be expected to last twelve months.

In evaluating this opinion, the ALJ observed that no other treating or examining physician stated that Moore was disabled or unable to work. Further, the ALJ found that Dr. Chipman's opinion that Moore's "condition would exacerbate if he were required to work on a steady basis is an opinion about an issue reserved to the Commissioner and is not entitled to controlling weight or special significance." (Tr. 25.) However, the ALJ noted that the opinion may not be ignored. The ALJ found that Dr. Chipman did not provide a reasonable basis for his opinion. Further, the ALJ found that "[t]he findings made during [Dr. Chipman's] single exam, including intact concentration and a partial response to medication, do not support his findings and his opinion is inconsistent with the remainder of the evidence, including Dr. Cole's and Dr. Manley's findings." (Id.)

Although Moore may point to selective evidence in Dr. Chipman's opinion that may arguably support it, the court may not substitute its judgment for the Commissioner's and finds that the ALJ's conclusions are comfortably within the bounds of the substantial evidence standard. See Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence). Accordingly, upon review of the parties' arguments, the medical evidence, and the ALJ's decision, the court finds that Moore has failed to demonstrate that the ALJ's decision with regard to Dr. Chipman's opinion is unsupported by substantial evidence or controlled by an error of law. Moreover, Moore's argument

that the ALJ erred in failing to find that Moore met the requirements of Listing 12.04 relies on Dr. Chipman's findings. As Moore has failed to demonstrate that the ALJ erred in rejecting Dr. Chipman's opinion, this argument similarly fails.

**B.     Credibility**

To the extent that Moore argues that the ALJ erred in assessing his credibility, upon review of Moore's argument and the ALJ's decision, the court finds that reversal is not warranted on this ground. Moore appears to summarily argue that the ALJ erred in considering whether Moore gave vague and conflicting statements about his history of substance abuse as a factor in examining Moore's credibility.

In evaluating subjective complaints, the United States Court of Appeals for the Fourth Circuit has stated that "the determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). In this matter only the second step is at issue,[2] during which the ALJ must expressly consider "the intensity and persistence of the claimant's [symptom] and the extent to which it affects [his] ability to work." Id. In making these determinations, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p. "[A]llegations concerning the intensity and persistence of pain or other symptoms may not be disregarded *solely* because they are not substantiated by objective medical evidence." Id. (emphasis added). "This is not to say, however,

---

[2] The first step requires there to "be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig, 76 F.3d at 594 (internal quotation omitted).

that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs [his] ability to work." Craig, 76 F.3d at 595.  A claimant's subjective complaints "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the [symptoms] the claimant alleges [he] suffers." Id.  Further, "[i]n analyzing a claimant's subjective complaints, such as pain, an ALJ must consider:  (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the condition; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions." Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (citing Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984)).

Assuming, without finding, that the ALJ erred in considering the consistency of Moore's statements concerning his history of substance abuse, this does not render the ALJ's credibility analysis unsupported by substantial evidence, as this was but one factor amongst several that the ALJ considered.   For example, the ALJ observed that Moore testified that he received counseling from mental health and is taking medication, both of which he admitted was helping or somewhat helping with his condition.  The ALJ also found that Moore has had issues with compliance, that there is no evidence that Moore had contacted the Free Clinic as advised by Dr. Nelson, and that Dr. Cole's results from the Rey Test of Malingering may suggest that Moore is promoting his symptoms at least to a mild degree. (Tr. 24-25.)  Accordingly, the court finds that Moore has failed to demonstrate that the ALJ's decision with regard to Moore's credibility is unsupported by substantial evidence or controlled by an error of law.

**C.    Dr. Manley**

Finally, to the extent that Moore argues that the ALJ erred by considering that Dr. Manley did not opine that Moore was unable to work, the court finds this argument speculative at best. Moore appears to base this argument on his assertion that Dr. Manley's reports include indications suggesting that Moore cannot work. As stated above, in reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589. The court finds based on the records as a whole that the ALJ's decision is supported by substantial evidence and must be affirmed. See Blalock, 483 F.2d at 775.

## RECOMMENDATION

For the foregoing reasons, the court finds that Moore has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517. The court therefore recommends that the Commissioner's decision be affirmed.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 22, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).